GREGORY S. CORDREY (Bar No. 190144)
gcordrey@jmbm.com
ROD S. BERMAN (Bar No. 105444)
rberman@jmbm.com
REMI T. SALTER (Bar No. 316327)
rsalter@jmbm.com
JEFFER MANGELS BUTLER & MITCHELL LLP
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
Telephone:  (310) 203-8080
Facsimile:   (310) 203-0567

Attorneys for Plaintiff Theragun, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERAGUN, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>MASSAGE GUNS INC., a Canadian corporation,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR INFRINGEMENT OF U.S. PATENT NOS. D849,260, AND D845,500**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Theragun, LLC ("Plaintiff" or "Theragun") brings this action against defendant Massage Guns Inc. ("Defendant" or "Massage Guns").

## THE PARTIES

1. Plaintiff is a Delaware limited liability company with its principal place of business at 2803 Colorado Avenue, Santa Monica, CA 90404.

2. Plaintiff is informed and believes and based thereon alleges that Defendant is a corporation organized under the laws of Canada with a principal place of business at 659 Fleurie Street, Quebec, Canada G1K 3N5.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the patent laws

1 of the United States, 35 U.S.C. § 271.

2     4. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a)-(b) because it involves substantial claims arising under the patent laws.

5     5. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is a foreign corporation.

## GENERAL ALLEGATIONS

8     6. On May 21, 2019, the United States Patent and Trademark Office issued United States Patent Number D849,260, entitled "Massage Element" (hereinafter "the '260 Patent"). A true and correct copy of the '260 Patent is attached hereto as Exhibit 1.

12     7. Theragun is the assignee of the '260 Patent.

13     8. The '260 Patent pertains to a particular ornamental design for an attachment head for percussive massage devices. The attachment head disclosed and claimed in the '260 Patent includes several ornamental features, including a circular dome-shaped head that comes to a "flattened" point. The dome-shaped head is placed atop a bottom piece that decreases in radius as it approaches the dome-shaped head. The bottom piece has a circular rounded ridge extending beyond the circumference of the dome-shaped head. The bottom piece nests under the dome-shaped head and, because of its unique shape relative to the dome-shaped head, forms a crevice or slot between the dome-shaped head and the bottom piece. These ornamental features, among others, give the attachment its distinct patented design.

23     9. On April 9, 2019, the United States Patent and Trademark Office issued United States Patent Number D845,500, entitled "Massage Element" (hereinafter "the '500 Patent"). A true and correct copy of the '500 Patent is attached hereto as Exhibit 2.

27     10. Theragun is the assignee of the '500 Patent.

28     11. The '500 Patent pertains to a particular ornamental design for an

attachment head for percussive massage devices. The attachment head disclosed and claimed in the '500 Patent includes ornamental features such as rounded corners at the distal end of the attachment that, among other features, form a unique wedge shape. These ornamental features, among others, give the attachment its distinct patented design.

12. Theragun is in the business of developing, manufacturing and selling percussive therapy devices. Theragun invests considerable time, effort and money in developing and protecting its intellectual property. Theragun's patented and patent-pending devices are innovative and have received industry praise and recognition, including the 2019 A' Design Award in Digital and Electronic Devices Design for its Theragun G3PRO design.

13. Theragun is informed and believes and based thereon alleges that Defendant began competing with Plaintiff in the percussive massage device industry by manufacturing and selling percussive massage devices equipped with nearly identical attachment devices to the designs claimed in the '260 and '500 Patents. The head attachments that is nearly identical to the head attachment claimed in the '260 Patent is referred to herein as the "First Infringing Attachment." The head attachment that is nearly identical to the head attachment claimed in the '500 Patent is referred to herein as the "Second Infringing Attachment." The First and Second Infringing Attachments are referred to together herein as the "Infringing Attachments." On July 1, 2019, Theragun obtained one of Defendant's percussive massage devices together with the Infringing Attachments. Since then, Theragun has seen Defendant's Infringing Attachments being promoted in a number of locations, including on Defendant's website at www.massageguns.com and on social media (see image below).



14. The Infringing Attachments are integral to Defendant's product, as shown in the screengrab below from the Defendant's website. From this, it is apparent that Defendant has been actively advertising its Infringing Attachments, touting the product throughout a variety of markets and to numerous audiences. Theragun is informed and believes that Defendant sells its Infringing Attachments in the same marketing channels as Theragun, including online through its website and through social media advertising.



### FIRST CAUSE OF ACTION

**Patent Infringement of the '260 Patent (35 U.S.C. §§ 101 et seq.)**

15. Plaintiff realleges and incorporates by reference all paragraphs above as if fully set forth herein.

16. At all times herein mentioned the '260 Patent was and is valid and fully enforceable.

17. As shown below, a side by side comparison of Plaintiff's '260 Patent and Defendant's Infringing Attachment quickly reveals that the First Infringing Attachment appears substantially the same as Plaintiff's '260 Patent to an ordinary observer, the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other:

**Plaintiff's '260 Patent** | **Defendant's Infringing Attachment**

FIG. 6

18. Defendant has and continues to directly infringe the '260 Patent by making, using, offering for sale, selling and importing the First Infringing Attachment in conjunction with percussive massage devices competitive to Plaintiff.

19. Defendant's infringement is based upon literal infringement or infringement under the doctrine of equivalents, or both.

20. At no time has Plaintiff granted Defendant authorization, license, or permission to utilize the design claimed in the '260 Patent.

21. Plaintiff has been damaged by Defendant's acts of infringement of the '260 Patent and Plaintiff will continue to be damaged by such infringement unless enjoined by this Court. Plaintiff is entitled to recover damages adequate to compensate for the infringement under 35 U.S.C. § 284.

22. Plaintiff is, and has been, irreparably harmed by Defendant's on-going infringement including the following harm which cannot be quantified or recouped through monetary damages: (1) lost market share that will be difficult, if not impossible, to recoup later as the First Infringing Attachment becomes entrenched

with retail sellers and trainers who recommend them to their clients, (2) loss of first mover advantage that Theragun enjoyed as the first company to offer its innovative percussive devices and patented attachments, (3) loss of Theragun's investment in building up the market for percussive devices and its patented attachments, (4) negative effect on its reputation as innovator and pioneer, (5) the unquantifiable effect on lost sales of related products, (6) price erosion due to Defendant's Infringing Attachment being sold at a price point lower than Theragun's patented product, (7) diversion of resources to defend against loss of market share caused by sales of the First Infringing Attachment, and (8) Defendant's unauthorized sales that are enticing others to offer for sale and sell infringing attachments that leads to additional irreparable harm described above.

23. Defendant's acts of infringement have been, and continue to be, willful and deliberate and therefore warrant the award of attorneys' fees pursuant to 35 U.S.C. § 285 and the enhancement of damages pursuant to 35 U.S.C. § 284.

## SECOND CAUSE OF ACTION

**Patent Infringement of the '500 Patent (35 U.S.C. §§ 101 et seq.)**

24. Plaintiff realleges and incorporates by reference all paragraphs above as if fully set forth herein.

25. At all times herein mentioned the '500 Patent was and is valid and fully enforceable.

26. As shown below, a side by side comparison of Plaintiff's '500 Patent and Defendant's Second Infringing Attachment quickly reveals that the Second Infringing Attachment appears substantially the same as Plaintiff's '500 Patent to an ordinary observer, the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other:

FIG. 2

**Plaintiff's '500 Patent**     **Defendant's Second Infringing Attachment**

27. Defendant has and continues to directly infringe the '500 Patent by making, using, offering for sale, selling and importing the Second Infringing Attachment in conjunction with percussive massage devices competitive to Plaintiff.

28. Defendant's infringement is based upon literal infringement or infringement under the doctrine of equivalents, or both.

29. At no time has Plaintiff granted Defendant authorization, license, or permission to utilize the design claimed in the '500 Patent.

30. Plaintiff has been damaged by Defendant's acts of infringement of the '261 Patent and Plaintiff will continue to be damaged by such infringement unless enjoined by this Court. Plaintiff is entitled to recover damages adequate to compensate for the infringement under 35 U.S.C. § 284.

31. Plaintiff is, and has been, irreparably harmed by Defendant's on-going infringement including the following harm which cannot be quantified or recouped through monetary damages: (1) lost market share that will be difficult, if not impossible, to recoup later as the Second Infringing Attachment becomes

entrenched with retail sellers and trainers who recommend them to their clients, (2) loss of first mover advantage that Theragun enjoyed as the first company to offer its innovative percussive devices and patented attachments, (3) loss of Theragun's investment in building up the market for percussive devices and its patented attachments, (4) negative effect on its reputation as innovator and pioneer, (5) the unquantifiable effect on lost sales of related products, (6) price erosion due to Defendant's Second Infringing Attachment being sold at a price point lower than Theragun's patented product, (7) diversion of resources to defend against loss of market share caused by sales of the Second Infringing Attachment, and (8) Defendant's unauthorized sales that are enticing others to offer for sale and sell infringing attachments that leads to additional irreparable harm described above.

32. Defendant's acts of infringement have been, and continue to be, willful and deliberate and therefore warrant the award of attorneys' fees pursuant to 35 U.S.C. § 285 and the enhancement of damages pursuant to 35 U.S.C. § 284.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

A. For an order finding that the '260 and '500 Patents are valid and enforceable;

B. For an order finding that Defendant has infringed the '260 and '500 Patents directly, literally or by equivalents, in violation of 35 U.S.C. § 271;

C. For an order finding that Defendant's infringement of the '260 and '500 is willful;

D. For an order temporarily, preliminarily and permanently enjoining Defendant, its officers, directors, agents, servants, affiliates, employees, subsidiaries, divisions, branches, parents, attorneys, representatives, privies, and all others acting in concert or participation with any of them, from infringing the '260 and '500 directly, contributorily and/or by inducement, in violation of 35 U.S.C. §

271;

E. For an order directing Defendant to file with the Court, and serve upon Theragun's counsel, within thirty (30) days after entry of the order of injunction, a report setting forth the manner and form in which it has complied with the injunction;

F. For an order awarding Theragun damages adequate to compensate Theragun for the infringement by Defendant, including disgorgement of profits or gains of any kind made by Defendant from its infringing acts, lost profits and/or reasonable royalty, in amounts to be fixed by the Court in accordance with proof, including enhanced and/or exemplary damages, as appropriate under 35 U.S.C. § 284;

G. For an order awarding Theragun pre-judgment interest and post-judgment interest at the maximum rate allowed by law;

H. For an order requiring an accounting of the damages to which Theragun is found to be entitled;

I. For an order declaring this to be an exceptional case pursuant to 35 U.S.C. § 285 and awarding Theragun its attorneys' fees;

J. For an order awarding Theragun its costs of court; and

K. Granting Theragun such other and further relief as the Court may deem just and proper.

DATED: July 2, 2019

GREGORY S. CORDREY
ROD S. BERMAN
REMI T. SALTER
JEFFER MANGELS BUTLER & MITCHELL LLP

By:  */s/ Remi T. Salter*
REMI T. SALTER
Attorneys for Plaintiff Theragun, LLC

**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable.

DATED: July 2, 2019

GREGORY S. CORDREY
ROD S. BERMAN
REMI T. SALTER
JEFFER MANGELS BUTLER & MITCHELL LLP

By: */s/ Remi T. Salter*
REMI T. SALTER
Attorneys for Plaintiff Theragun, LLC